THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MEDESIMO TEMPO, LLC, et al.,<br><br>Petitioners,<br><br>v.<br><br>SKULL VALLEY HEALTH CARE, LLC, et al.,<br><br>Respondents. | **MEMORANDUM DECISION AND ORDER GRANTING [4] MOTION TO REMAND TO STATE COURT**<br><br>Case No. 2:21-cv-00715-DBB<br><br>District Judge David Barlow |

Petitioners Medesimo Tempo, LLC; Holly Jones; and Holly Jones Homes, PLLC brought a petition to nullify a lien in state court.[1] Respondents Skull Valley Health Care, LLC and Skull Valley Health Clinic, LLC removed the case to federal court, invoking the court's original jurisdiction under 28 U.S.C. § 1331.[2] Now, Petitioners bring a motion to remand the case to state court.[3] Because Respondents have not shown that this court has subject matter jurisdiction over the lawsuit, Petitioners' motion for remand is GRANTED.

## BACKGROUND

The underlying action here concerns a parcel of real property in Tooele County, Utah.[4] Petitioners allege that the parties previously negotiated terms to sell the property but never agreed to a sales contract.[5] Petitioners further allege that the Respondents nevertheless recorded

---

[1] Petition to Nullify Lien ("Petition") at 1, ECF No. 4-1.
[2] Notice of Removal Pursuant to 28 U.S.C. §§ 1331 and 1446 at 1–2, ECF No. 2, filed Dec. 8, 2021.
[3] Motion to Remand to State Court ("Motion to Remand") at 1, ECF No. 4, filed Dec. 9, 2021.
[4] Petition at ¶ 1.
[5] *Id.* ¶¶ 16, 22, 26.

with the Tooele County Recorder and refuse to release a "Notice of Interest" against the parcel of real property.[6] Petitioners filed a Petition to Nullify Lien in Utah state court under Utah state law that allows for an expedited review and release of an encumbrance on real property.[7]

Subsequently, Respondents removed the case to federal court.[8] As a basis for federal jurisdiction, Respondents contended that federal court "has original jurisdiction pursuant to 28 U.S.C. § 1331 as the subject land is within the ancestral homeland of the Skull Valley Band of Goshute Indians and is subject to a treaty entered into between the United States and the Goshute Band establishing the area wherein the property is located to be Indian Country."[9] Petitioners now move to remand the matter to state court on the basis that this court does not have jurisdiction.[10]

## STANDARD

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[11] "Since federal courts are courts of limited jurisdiction, [the court] presumes[s] that no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction."[12] The party removing the case to federal court bears the burden of establishing jurisdiction by a preponderance of the evidence.[13]

---

[6] *Id.* ¶¶ 39, 50, 52.
[7] *See id.* at 1–2; Utah Code Ann. § 38-9-205.
[8] *See* Notice of Removal at 1.
[9] *Id.* at 2.
[10] Motion to Remand at 2.
[11] 28 U.S.C. § 1441.
[12] *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) (quoting *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999)).
[13] *Id.*

2

## DISCUSSION

In their notice of removal, Respondents cite 28 U.S.C. § 1331 as the sole basis for federal jurisdiction.[14] But in their opposition to Petitioners' Motion to Remand, Respondents also assert jurisdiction under 28 U.S.C. §§ 1346 and 1442 because they claim that they are a federal agency.[15] The court addresses these purported bases for jurisdiction in turn.

**I. This court does not have jurisdiction under 28 U.S.C. § 1331 because there is no federal question on the face of the complaint nor have the Respondents shown that the case necessarily implicates substantial issues of federal law.**

First, Respondents contend that this court has federal-question jurisdiction under 28 U.S.C. § 1331. Section 1331 vests federal courts with jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[16] In their notice of removal, Respondents claim that "the subject land is within the ancestral homeland of the Skull Valley Band of Goshute Indians and is subject to a treaty entered into between the United States and the Goshute Band establishing the area wherein the property is located to be Indian Country."[17] Respondents assert that this case poses a question "related to treaties" which is subject to this court's jurisdiction under § 1331 but do not explain what that question is.

Generally, for a court to have federal-question jurisdiction under § 1331, the well-pleaded complaint rule requires that "the federal question giving rise to jurisdiction must appear on the face of the complaint."[18] Federal-question jurisdiction may not be predicated on a defense that

---

[14] Notice of Removal at 2.
[15] Response in Opposition to Petitioners' Motion to Remand to State Court ("Opposition") at 2, ECF No. 7, filed Dec. 30, 2021.
[16] 28 U.S.C. § 1331.
[17] Notice of Removal at 2.
[18] *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (quoting *Karnes v. Boeing Co.*, 335 F.3d 1189, 1192 (10th Cir. 2003)).

raises federal issues.[19] The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."[20] On its face, the Petition in this case does not raise a federal question. The Petition is entirely predicated on Utah state law and deals with state-law issues of contract and property.[21] Because no federal question appears on the face of the complaint, the well-pleaded complaint rule does not give rise to federal-question jurisdiction under § 1331.

Nonetheless, the Supreme Court has recognized that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues."[22] The Court instructs: "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[23] Respondents claim that, based on this standard, there is federal-question jurisdiction in this case.

Respondents first argue that they "are federally contracted health care facilit[ies] administered by the US Department of Health and Human Services and Indian Health Services pursuant to Section 102 of the Indian Self-Determination Act" and that they "constitute a federally qualified health care center pursuant to 42 U.S.C. § 254b" and thus "are by all intents and purposes a federal agency."[24] But Respondents have presented no evidence that they are federally qualified health care centers and have cited no case law explaining why they should be

---

[19] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).
[20] *Id.* at 392.
[21] *See* Petition at 12–15 (citing Utah Code Ann. § 25-5-1 (statute of frauds), Utah Code Ann. § 38-9-102(12) (defining "wrongful lien"), and Utah Code Ann. § 38-9-203, 205 (statutory mechanism for bringing petition to release a wrongful lien)).
[22] *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).
[23] *Id.* at 314.
[24] Opposition at 1–2.

treated as a federal agency for the purpose of this court's jurisdiction. As the party seeking to invoke federal jurisdiction, Respondents bear the burden of showing jurisdiction by the preponderance of the evidence, and the court presumes that no jurisdiction exists absent an adequate showing.[25] Here, Respondents have not met that burden to demonstrate that they are a federal agency.

Respondents argue that this case raises a substantial federal issue because "Respondents are the operating entities for a federally contracted and federally qualified health care facility [and as such] Petitioners voluntarily subjected themselves to federal law and regulations when they engaged in business transactions with Respondents."[26] Respondents cite a litany of federal statutes that supposedly apply to the case at hand and give rise to federal questions.[27] But, as discussed above, Respondents have not met their burden to demonstrate that they are a federal agency and thus have not shown how the underlying case would necessarily raise issues under these federal statutes.

Next, Respondents argue that they are tribal entities that are entitled to tribal immunity which is a substantial federal issue that will necessarily be raised in this case.[28] If Respondents were entitled to tribal immunity, tribal immunity would be a defense to Petitioner's claims. But the Supreme Court has made it clear that federal-question jurisdiction may not be predicated on a federal defense such as tribal immunity.[29] As such, even if Respondents are entitled to tribal

---

[25] *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).
[26] Opposition at 6.
[27] *Id.* (citing the False Claims Act, Anti-Kickback Statute, Exclusion Statute, Civil Monetary Penalties Law, Embezzlement and Theft from Indian Tribal Organizations Laws, and Tort Claim Limitation Statute).
[28] *Id.* at 7–8.
[29] *Okla. Tax Comm'n v. Graham*, 489 U.S. 838, 841 (1989) ("The possible existence of a tribal immunity defense, then, did not convert Oklahoma tax claims into federal questions, and there was no independent basis for original federal jurisdiction to support removal.").

immunity, it does not vest jurisdiction in this court in the face of a complaint which raises no federal issues.

Finally, Respondents argue that federal jurisdiction is proper because the matter "involves the interpretation of a treaty between the United States and the [Skull Valley Band of Goshute Indians] that is central to this case."[30] But the Respondents do not explain specifically how the Treaty is relevant to Petitioners' underlying claim, much less how the existence of the Treaty will result in the state-law claim necessarily raising a substantial federal issue. Petitioners brought a quintessential state-law action in state court, and Respondents simply have not carried their burden to demonstrate by a preponderance of the evidence that the existence of the Treaty raises a substantial federal issue in this lawsuit.[31] Accordingly, this court does not have jurisdiction under 28 U.S.C. § 1331.

## II. This court does not have jurisdiction under 28 U.S.C. §§ 1346 and 1442 because Respondents have not shown that they are federal agencies.

Respondents also contend that removal of this case was proper because this court has jurisdiction under 28 U.S.C. §§ 1346 and 1442.[32] Respondents do not assert jurisdiction under §§ 1346 or 1442 in their notice of removal but raise it as an alternate basis for jurisdiction in their opposition to Petitioners' Motion to Remand.[33] When a defendant removes an action to state

---

[30] Opposition at 8.
[31] Respondents argue that the Supreme Court in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), held that "Indian Country" includes "all land within the limits of any Indian Reservation," but they have not provided any evidence that the land in question in this case (located in Erda, Utah, Petition at ¶ 1) is within the limits of an Indian Reservation. Opposition at 7.
[32] Opposition at 2.
[33] *Id.* Strangely, although the sole basis for removal stated in the Notice Removal is federal-question jurisdiction because the dispute "relates to a treaty with the United States of America," Notice of Removal at 2, Respondents argue in their opposition that the Treaty "is not the sole or fundment[al] basis for federal jurisdiction in this case" and that the fundamental basis for federal jurisdiction in this case is the "status of the Respondents as the operating entities of a federally contracted and federally qualified health care facility." Opposition at 8–9. If that basis for

court, it must include a file a "short and plain statement of the grounds for removal."[34] Some district courts in the Tenth Circuit, as well as other circuit courts, have held that a defendant may not present new jurisdictional grounds for removal for the first time in opposition to a motion for remand and that a notice of removal cannot be amended to add a separate basis for jurisdiction after 30 days from service of process.[35]

However, even if Respondents were permitted to assert an independent basis for federal jurisdiction in their opposition to Petitioners' motion for remand, they still have not caried their burden to establish that this court has jurisdiction under §§ 1346 and 1442. Section 1442 provides that an agency of the United States may remove a case to federal court.[36] For the purposes of removal, an "agency" is defined as "any department, independent establishment, commission, administration, authority, board or bureau of the United States or any corporation in which the United States has a proprietary interest, unless the context shows that such term was intended to be used in a more limited sense."[37] As explained above, Respondents have provided no evidence that they are an agency of the United States or that they are a corporation in which

---

jurisdiction is the fundamental basis for federal jurisdiction in this case, Respondents should have stated so in their notice of removal.

[34] 28 U.S.C. § 1446(a).

[35] *See, e.g.*, *Lopez v. Walker Stainless Equip. Co.*, 431 F. Supp. 3d 1253, 1255 (D.N.M. 2020) ("Defendants, however, 'are not allowed to switch jurisdictional hoses midstream.'"); *Geismann v. Aestheticare, LLC*, 622 F. Supp. 2d 1091, 1095 (D. Kan. 2008) ("Although Section 1653 allows defendant to cure technical defects in a notice of removal, it does not allow for the addition of a new ground for removal."); *ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality*, 213 F.3d 1108, 1117 (9th Cir. 2000) ("The DEQ's Notice of Removal states that federal jurisdiction exists under 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b), but does not state that removal jurisdiction exists under either the supplemental jurisdiction statute or the All Writs Act. Because more than thirty days have passed since this action was filed in Montana state court, the DEQ may not amend its Notice of Removal to state alternative bases for removal jurisdiction."). *See also* 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3733 (Rev. 4th ed.) ("In most circumstances, however, defendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-proferred basis of removal, and the court will not, on its own motion, retain jurisdiction on the basis of a ground that is present but that defendants have not relied upon.") (collecting cases).

[36] 28 U.S.C. § 1442(a)(1).

[37] *Id.* § 451.

United States has a proprietary interest. As such, they have not met their burden to show that this court has jurisdiction under § 1346 or § 1442.

## ORDER

Because this court does not have subject-matter jurisdiction over this matter, Petitioner's Motion for Remand is GRANTED.

Signed March 28, 2022.

                                    BY THE COURT

                                    _____

                                    David Barlow
                                    United States District Judge